UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

                              CRIMINAL CASE NO. 05-50076

v.

KEVIN HANEY,                         HONORABLE PAUL V. GADOLA
                                                U.S. DISTRICT COURT
                Defendant.
_____/

## ORDER DENYING MOTION TO SUPPRESS

Before the Court is Defendant's "Motion to File the Instant Motion Out of Time and to Suppress Evidence," filed on May 1, 2006. In the motion, Defendant's counsel acknowledges that the motion to suppress is untimely, alleging personal and family reasons for the delay. Consequently, Defendant requests that the Court grant Defendant permission to file the untimely motion to suppress and to consider its merits. Having been fully advised in the premises, the Court will permit the filing of Defendant's untimely motion to suppress, and will consider the motion on its merits.

Defendant is charged with being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g) and 924(a)(2). The firearm in question was seized on October 16, 2005 from Defendant's residence at 6133 Stem Lane, Mt. Morris, Michigan, pursuant to the execution of a search warrant. Defendant argues that the search warrant was invalid because the supporting affidavit did not establish probable cause that evidence of a crime would be found at Defendant's home. Defendant further argues that the warrant and supporting affidavit are so defective that the *United States v. Leon* good faith exception permitting evidence seized in good faith reliance on an invalid warrant

cannot be established.  *See United States v. Leon*, 468 U.S. 897 (1984).

The Court of Appeals for the Sixth Circuit has stated that:

> It is a basic principle of the Fourth Amendment that for a search warrant to issue there must be probable cause.  U.S. Const. amend. IV; *United States v. Helton*, 314 F.3d 812, 819 (6th Cir. 2003).  In determining whether there is probable cause to issue a search warrant, the task of the issuing magistrate is "simply to make a practical, common sense decision whether, given all the circumstances set forth in the affidavit before him, . . . there is a fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238, 76 L. Ed. 2d 527, 103 S. Ct. 2317 (1983).

*United States v. Laughton*, 409 F.3d 744, 747 (6th Cir. 2005).  This Court should give "great deference" to the probable cause determination of the issuing magistrate.  *United States v. Pelham*, 801 F.2d 875, 877 (6th Cir. 1986).

In the instant case, there is a sufficient connection between the facts of criminal activity set out in the affidavit and Defendant's 6133 Stem Lane residence.  The affidavit noted that Defendant had resided at the 6133 Stem Lane address since at least October 2001; that Defendant had a vehicle registered at the Stem Lane address; that Jeremy Drummond, who was previously indicted for fraud, was associated with Defendant as early as November 2000 and had deposited stolen money in Defendant's account; that Drummond's father had given the Stem Lane address as his place of residence when he picked up Drummond's luggage on October 14, 2005; that various vehicles and a concealed weapons permit were registered to Drummond's parents at the Stem Lane address; that Drummond's earlier fraud was committed using his parents' computer; and that, in the investigating officer's experience, perpetrators of fraud keep evidence and records of fraud at the residences of their families and associates.

These facts in the affidavit create a sufficient nexus between the residence located at 6133

Stem Lane and evidence of possible criminal activity. Thus, the magistrate judge issuing the warrant could conclude from the affidavit that there was a fair probability that contraband or other evidence of a crime would be found at the Stem Lane address. Consequently, the Court finds that the search warrant issued for the residence at 6133 Stem Lane is valid.

Because this Court finds that the warrant is valid, it need not consider Defendant's arguments concerning the *Leon* good faith exception for evidence seized by a search pursuant to an invalid warrant.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to suppress [docket entry 11] is **DENIED**.

**SO ORDERED.**

Dated:   June 1, 2006                                     s/Paul V. Gadola
                                                          HONORABLE PAUL V. GADOLA
                                                          UNITED STATES DISTRICT JUDGE

---

Certificate of Service

I hereby certify that on    June 1, 2006   , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:              Mark C. Jones; Joan Morgan                  , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                 .

                                                          s/Ruth A. Brissaud
                                                          Ruth A. Brissaud, Case Manager
                                                          (810) 341-7845

---